IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1: 22-cv-00416-REB-MDB

**JAMES "GREG" CROWELL,**

      Plaintiff,

**DAVID BENNEFIELD, SR.; DAVID BENNEFIELD, JR.;
and JORGE RIVERON**,

      Plaintiff – Intervenors

v.

**V TRANSPORTATION LLC, a Texas limited
liability company; and JOSHUA ALFORD, an individual,**

      Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF AND INTERVENOR DAVID
BENNEFIELD, SR.'S MOTION TO EXCLUDE CERTAIN OPINIONS OF
DEFENSE EXPERT ANANT KUMAR, MD PURSUANT TO FED. R. EVID.
RULE 702**

---

COME NOW Defendants, Joshua Alford and V Transportation, LLC (hereinafter "Defendants"), by and through counsel, Messner Reeves LLP, and hereby submit their Response to Plaintiff ("Crowell") and Intervenor David Bennefield Sr.'s ("Bennefield"). Motion to Exclude Certain Opinions of Defense Expert Anant Kumar, MD, pursuant to Fed. R. Evid. Rule 702 ("Motion").

### I.   PROCEDURAL POSTURE AND BACKGROUND

Crowell and Bennefield allege they sustained multiple and varied injuries as a result of an October 27, 2021 accident wherein their vehicle struck the side of Defendants' vehicle at a high rate of speed. Plaintiff Crowell alleges he has sustained and continues to suffer from injuries to his back, neck, and hip. Bennefield alleges he sustained and continues to suffer from injuries to his neck, back, left shoulder, back, hip, and issues with his forehead, hearing, balance, and eyesight.

Defendants retained and endorsed Orthopedic Surgeon Anant Kumar, M.D., (CV, attached as Exhibit **A**) as a rebuttal expert. Dr. Kumar reviewed medical records for both Crowell and Bennefield and issued a written report setting forth his opinions and the basis therefore. (Exhibit **B,** "Report") Dr. Kumar was subsequently deposed on August 4, 2023. (Deposition, D.E. 146-1).

Crowell and Bennefield seek to limit the scope of Dr. Kumar's opinion testimony relating to each of their respective injuries. Bennefield contends Dr. Kumar is not qualified to provide expert medical opinions about traumatic brain injury, ear nose and throat issues, ophthalmology, mental health, and his alleged left shoulder injury. In addition, Crowell and Bennefield argue Dr. Kumar's medical opinions are unreliable because he did not physically examine Crowell or Bennefield or review pertinent imaging. (D.E. 146 at 2).

Importantly, Defendants do not intend to elicit any testimony from Dr. Kumar concerning opinions about traumatic brain injury, ENT, or ophthalmology. However, the remaining arguments and their attempt to limit Dr. Kumar's medical opinions are without merit.

## II. LEGAL STANDARD

"A federal court exercising supplemental jurisdiction over a state law claim must apply state substantive law and federal procedural law." *Lasser v. Charter Communications, Inc.*, No. 19-cv-02045-RM-MEH, 2020 WL 2309506 *3 (D. Colo. 2020) (citing *Felder v. Casey*, 487 U.S. 131, 151 (1988)). "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702.

The crux of this Court's inquiry is simple: whether the expert testimony "is reasonably reliable information that will assist the trier of fact." *Brooks v. People*, 975 P.2d 1105, 1114 (Colo. 1999). Once a proponent establishes the admissibility of expert testimony, any challenges to alleged deficiencies in the expert's opinion and methodology go to evidentiary weight—not admissibility. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993). In fact, "rejection of expert testimony is the exception rather than the rule." *United States v. Nacchio*, 519 F.3d 1140, 1154 (10th Cir. 2008), *vacated in part on rehearing en banc*, 555 F.3d 1234 (10th Cir. 2009); Fed. R. Evid. 702, 2000 Advisory Comm.'s Notes. Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III.   ARGUMENT

**A. Dr. Kumar is Duly Qualified to Provide Expert Medical Opinions Concerning the Orthopedic Claims in Dispute.**

An expert may be qualified by "knowledge, skill, experience, training, or education" to offer an opinion on an issue relevant to the case. Fed. R. Evid. 702(a); *accord 103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). An expert opinion is reliable when it is based on sufficient facts or data, employs a methodology generally deemed reliable in the expert's field, and properly applies such methods to the facts of the case. *Graham v. State Farm Mut. Auto. Ins. Co.*, 19-CV-00920-REB-NYW, 2020 WL 9172034, at *2 (D. Colo. Sept. 30, 2020) (hereinafter "*Graham*")(Citing Fed. R. Evid. 702(b), (c), & (d); *United States v. Crabbe*, 556 F.Supp.2d 1217, 1222-23 (D. Colo. 2008).

In determining the reliability of expert testimony, this Court "should apply a liberal standard that only requires proof that the underlying scientific principles are reasonably reliable." *Kutzly v. People*, 2019 CO 55, ¶ 12 (emphasis in original). This is because "[u]nder CRE 702, the standard for admissibility is relevance and reliability, not certainty." *Estate of Ford v. Eicher*, 250 P.3d 262, 266 (Colo. 2011). "[T]he proponent need not prove that the expert is indisputably correct." *Lorenzen v. Pinnacol Assurance*, 2019 COA 54, ¶ 50.

Here, Dr. Kumar has been practicing as an orthopedic surgeon for nearly 40 years. He has been certified by the American Board of Orthopedic Surgery since 1995. He has completed Fellowships in Pediatric Orthopedics (1990), Orthopedic Trauma Surgery

(1991), and Orthopedic Surgery (1995). He completed a General Surgery Internship in 1994. Simply, Dr. Kumar has practiced general orthopedic medicine in both a clinical and forensic setting, treating thousands of patients in settings that include VA hospitals and private practice for decades. *See generally* **Ex. A**.

Under Colorado law, "the diagnosis and treatment of human illnesses…constitute the practice of medicine." *Austin v. Litvak*, 682 P.2d 41, 54 (Colo. 1984). A medical expert need not be qualified in a particular field of medicine to render medical opinions so long as they can "offer 'appreciable' assistance on a subject beyond the understanding of an 'untrained layman.'" *People ex rel. Strodtman*, 293 P.3d 123, 130 (Colo. App. 2011) (finding a medical resident qualified to render opinions as a 'general medical expert' and stating: "we conclude that a physician may be qualified as an 'expert in medicine' so long as his or her knowledge, skill, experience, training, or education supports the qualification, and he or she is capable of providing specialized knowledge that will assist the decision-maker in determining the issues.").

As a practicing surgeon, with nearly 40 years of medical training in orthopedic and general surgery, Dr. Kumar is sufficiently qualified to offer expert medical opinions concerning alleged injuries and conditions related to neck, back, hip and left shoulder. Indeed, Dr. Kumar has published in well accepted medical journals relating to a host of orthopedic issues including, spine surgery, shoulder joint dislocations, hand/limb surgery, lower extremity fractures, and neurologic deficits. **Ex. A.**

Dr. Kumar's expertise is further supported by his reliance on the voluminous literature in his field of practice – all of which, he testified, contributes to the foundation upon which the reliability of his opinions is based. (D.E. 146-1, 10: 23-13:2)

### B. Dr. Kumar Did Not Need to Perform Physical Examinations or Evaluate Native Films to Formulate Reliable Medical Opinions.

Crowell and Bennefield first suggest that Dr. Kumar's analysis is "incomplete" and should be excluded because he did not perform physical examinations or review native imaging of the claimants as part of his evaluation. The arguments are without merit, demonstrably false, and, in any event, do nothing to render Dr. Kumar's opinions unreliable under Rule 702.

The overarching purpose of the court's inquiry is "to make certain that the expert ... employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Graham*, 2020 WL 9172034, at *2 (D. Colo. Sept. 30, 2020). As this Court specifically has recognized, and as the Rules hold, "[a]n expert may base an opinion on facts or data in the case that the **expert has been made aware of** or personally observed." Fed. R. Evid. 703. *Graham,* 2020 WL 9172034, at *4 (D. Colo. Sept. 30, 2020) (emphasis added). "Although an expert witness is permitted wide latitude to offer opinions, **including those not based on first-hand knowledge or observation**, the opinions must have a reliable basis." *Estes Park Taffy Co., LLC v. Original Taffy Shop, Inc.*, 15-CV-01697-CBS, 2017 WL 2472149, at *2 (D. Colo. June 8, 2017) (emphasis added). "Concerns about conflicting opinions or whether a qualified expert accurately applied a reliable methodology go to the weight of the evidence, not its admissibility. "Such concerns 'are adequately addressed by vigorous cross-examination, presentation of

contrary evidence, and careful instruction on the burden of proof.'" *People v. Shanks*, 2019 COA 160, ¶ 12 (internal citations omitted).

Crowell and Bennefield first contend that the absence of a physical examinations renders Dr. Kumar's opinion unreliable.  First, no legal authority exists to invalidate an expert's opinions based solely on a review of medical records.  While Dr. Kumar testified he would have preferred to have examined both Crowell and Bennefield, he nonetheless formulated expert opinions relating to all of the claimed injuries based on his review of the records. He specifically testified that based upon the records and imaging, Crowell sustained an acetabular fracture and osteochondral injury, the reasonableness and necessity of the care received for the injury, as well as the future prognosis (*Id.*, at 26:15-37:16)   Dr. Kumar also testified extensively about Crowell's alleged injury to the cervical spine based on his review of the medical records and imaging, including his opinions concerning the treatment Crowell received for the cervical spine.  (*Id.*. 146-1, 37:17-65:25).   Finally, Dr. Kumar specifically addressed the alleged injury to Crowell's lumbar spine.  He testified about medical imaging, physical exam findings, subjective complaints and future treatment – all of which he considered as part of his expert opinions. (*Id*., 44:17-65:25, 102:24-120:16)

With respect to Bennefield, Dr. Kumar testified extensively concerning alleged injury to the cervical spine, including imaging that was taken shortly after the accident. (*Id.,* 133:16-140:22; 148:19-156:8) Dr. Kumar also extensively addressed alleged injury to the lumbar spine.  (*Id.,* 140:23-149:2, 156:9-159:8).

To the extent the absence of Dr. Kumar's physical examinations of Crowell and Bennefield are relevant to his opinions, such evidence goes to the weight of his testimony, not its admissibility.

Crowell and Bennefield next contend Dr. Kumar's opinions are unreliable because he did not review all the available imaging. In support therefore, Crowell and Bennefield cite snippets of Dr. Kumar's deposition testimony in an attempt to create the impression that his methodology is flawed, but notably ignore that Dr. Kumar *did* review imaging relating to Crowell. Specifically, Dr. Kumar testified that he reviewed imaging just prior to the deposition on 8/4/23 and that the imaging confirmed his opinions. (*Id*, at 25:2-26:6; 27:8-3, 37:17-38:21)

Finally, Plaintiff suggests, that because Dr. Kumar was unable to identify the certain sources of pain generators, he should not be able to opine on future care. This argument completely misses the importance of Dr. Kumar's opinions. Based on the records and imaging studies, Dr. Kumar does not believe a pain generator has been identified. As such, he cannot recommend future care. (*Id.* at 104:15-21) Dr. Kumar was also explicitly clear that future treatment for Bennefield was questionable given inconsistent findings by his various medical providers. (*Id.*, 148:19-159:8)

### C. Dr. Kumar Relied Upon a Career of Experience and Medical Literature in Formulating His Expert Opinions

Finally, Crowell and Bennefield contend Dr. Kumar did not rely upon literature to support his opinions because he did not bring with him to the deposition specific articles and could not cite a specific articles from memory. The argument is manipulative and demonstrably false.

Dr. Kumar testified that in formulating his opinions, he relied on extensive literature that was embedded into his nearly 40 years of experience and training. (*Id.*, at 10:23-13:6; 174:4-175:10). To the extent Crowell and Bennefield seek to cross-examine Dr. Kumar concerning such literature or specific articles, such evidence can be presented at trial. Any such testimony would go to the weight, not the admissibility of his opinions.

### D. Dr. Kumar's Opinions Are Rendered to the Appropriate Degree of Medical Probability.

Finally, in the Motion, Plaintiff conflates the standard applicable to an experts' opinions, suggesting that because Dr. Kumar cannot provide some opinions with absolute certainty, that his opinions are inadmissible. The argument is inconsistent with applicable law.

The standard for the admissibility of expert opinions isn't certainty, and was articulated in *Cook v. Rockwell Int'l Corp*:

> "This does not mean, however, that the offering party must prove "that the expert is indisputably correct" for the expert evidence to be admissible. Rather, the party need only prove that "the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements." "The evidentiary requirement of reliability is lower than the merits standard of correctness," and gaps or inconsistencies in an expert's reasoning may go to the weight of the expert evidence, not its admissibility, As the Supreme Court acknowledged in *Daubert,* expert evidence can be "shaky" and yet still admissible, and may be attacked through the traditional means of "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." Maintaining this distinction between the evidentiary requirement of reliability and the higher standard of whether the expert's conclusions are correct or sufficient to prove the merits "is indeed significant as it preserves the fact finding role of the jury."

*Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1084–85 (D. Colo. 2006) (internal citations omitted).

Dr. Kumar's opinions fall well within this legal threshold and no basis exists for limiting or striking any portion of them.

WHEREFORE, Defendants respectfully request that this Court DENY Crowell and Bennefield's Motion.

Dated September 6, 2023

        Respectfully submitted,

        **MESSNER REEVES LLP**

        */s/ Caleb Meyer*
        Caleb Meyer, Esq.
        Adam Royval, Esq.
        Messner Reeves LLP
        1550 Wewatta, Suite 710
        Denver, Colorado 80202
        303-623-1800
        cmeyer@messner.com
        aroyval@messner.com

        ***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this September 6, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record to their CM/ECF-registered email addresses:

Beth Klein, Esq.
Carrie Frrank, Esq.
Klein Frank, P.C.
beth@kleinfrank.com

Richard M. Kaudy, Esq.
Kaudy Law Firm, LLC
rkaudy@kaudylaw.com

*Attorneys for Plaintiff, James "Greg" Crowell*


Wallace M. Brylak, Jr., Esq
S. Ryan Greenwood, Esq.
Averie E. Maldonado, Esq.
Brylak & Associates, LLC
wbrylak@brylaklaw.com
rgreenwood@brylaklaw.com
amaldonado@brylaklaw.com

*Attorneys for Intervenor Plaintiffs, David Bennefield, Sr., David Bennefield, Jr. and Jorge Riveron*


            *s/ Tracey Zastrow*
            Tracey Zastrow