IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 22-cv-00416-REB-MDB

JAMES "GREG" CROWELL,

    Plaintiff,

DAVID BENNEFIELD, SR.,
DAVID BENNEFIELD, JR., and
JORGE RIVERON,

    Plaintiff - Intervenors,

v.

JOSHUA ALFORD, and
V TRANSPORTATION, LLC,

    Defendants.

## ORDER DENYING MOTION FOR SANCTIONS

**Blackburn, J.**

This matter is before me on the **Motion for Sanctions Pursuant To F.R.C.P. 11** [#107][1] filed January 20, 2023. The defendants filed a response [#112], and the plaintiff filed a reply [#114]. I deny the motion.

### I. BACKGROUND

This case concerns a collision between a car and a semi-tractor. The plaintiffs assert claims of negligence against the defendants. Plaintiff, James "Greg" Crowell, was the front seat passenger in the car when it collided with the semi-tractor. Mr. Crowell was injured. He asserts a claim of negligence against the defendants, Joshua

---

[1] "[#107]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Alford, the driver of the semi-tractor, and V Transportation, LLC. According to the complaint, at the time of the accident, Mr. Alford was driving the semi-tractor in the course of his employment with V Transportation.

Mr. Crowell filed a motion for summary judgment [#106] concerning seven affirmative defenses asserted by the defendants. In the motion for sanctions [#107], Mr. Crowell seeks the imposition of sanctions under Fed. R. Civ. P. 11 based on the assertion by the defendants of the seven affirmative defenses. Mr. Crowell claims the affirmative defenses are frivolous and groundless.

Concurrently with this order, I filed an order granting in part and denying in part the motion for summary judgment [#106]. As I note in that order, the motion for summary judgment [#106] challenges seven different affirmative defenses. Four of the seven challenged affirmative defenses, good faith upon advice of counsel, lack of privity, no contract, and unclean hands, were not asserted in the answer which was operative when the motion for summary judgment was filed, the **Amended Answer to Plaintiff's Amended Complaint and Jury Demand** [#68], filed August 8, 2022. The same is true of the current operative answer, the **Answer to Plaintiff's Second Amended Complaint and Jury Demand** [#131].

Effectively, the affirmative defenses of good faith upon advice of counsel, lack of privity, no contract, and unclean hands were withdrawn when the defendants filed their **Amended Answer To Plaintiff's Complaint and Jury Demand** [#22] on March 16, 2022. These four affirmative defenses are not asserted in that answer [#22] and are not asserted in any subsequent answer.

On January 20, 2023, the present motion for sanctions [#107] and the motion for summary judgment [#106] were filed concurrently. The motion for sanctions [#107]

2

seeks sanctions based, in part, on the assertion by the defendants of the four affirmative defenses which were not pending when the motion for sanctions was filed. Notably, the defendants also failed to track which affirmative defenses actually were pending when the motion for summary judgment [#106] and motion for sanctions [#107] were filed. In their response [#113] to the motion for summary judgment, the defendants "agree to withdraw" four affirmative defenses, good faith upon advice of counsel, lack of privity, no contract, and unclean hands. *Response* [#113], p. 2. In reality, the defendants withdrew these four affirmative defenses when they filed their **Amended Answer To Plaintiff's Complaint and Jury Demand** [#22] on March 16, 2022.

In the currently operative answer [#131] and in the answer [#68] which was operative when the motion for sanctions was filed, the defendants assert three affirmative defenses which are, in part, the basis for the motion for sanctions [#107], assumption of risk, comparative negligence, and failure to mitigate damages. Addressing the motion for summary judgment [#106], I granted summary judgment on each of these three affirmative defenses because, in response to Mr. Crowell's motion for summary judgment [#106], the defendants failed to cite evidence sufficient to support these three affirmative defenses.

## II. STANDARD OF REVIEW

FED. R. CIV. P. 11 provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or

                    needlessly increase the cost of litigation;

(2)    the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

Fed. R. Civ. P. 11(b)(1-3).  A finding of bad faith is not necessary to find a violation of the rule.  **Colorado Chiropractic Counsel v. Porter Memorial Hospital**, 650 F.Supp. 231, 237 (D. Colo. 1986).  The standard applied is one of objective reasonableness, and counsel's good faith belief in the soundness of his position is inadequate to shield him from liability.  **White v. General Motors Corp.**, 908 F.2d 675, 680 (10th Cir. 1990). A Rule 11 violation occurs when it is patently clear that a claim has absolutely no chance of success under the existing precedents.  **Greeley Pub. Co. v. Hergert**, 233 F.R.D. 607, 610 (D.Colo. 2006).  Because our adversary system expects lawyers to zealously represent their clients, the Rule 11 standard for a violation is tough to satisfy. An attorney can be rather aggressive and still be reasonable.  **Collins v. Daniels**, 916 F.3d 1302, 1320 (10th Cir. 2019) (citation omitted).

      Rule 11 includes a safe harbor provision.  "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ."  Fed. R. Civ. P. 11(c)(2).  Absent compliance with this requirement, a motion for Rule 11 sanctions must be denied.  **Roth v. Green**, 466 F.3d 1179, 1191 - 93 (10th Cir. 2006).

### III.  ANALYSIS

Obviously, Rule 11 sanctions are not merited based on affirmative defenses which were not pending when the motion for sanctions [#107] was filed.  Obviously, counsel for Mr. Crowell and counsel for the defendants need to take the time and make the effort to determine what claims and defenses actually are pending before they file or respond to a motion concerning certain claims or defenses.  Counsel for all parties consistently must attend to these important and fundamental details.

In the currently operative answer [#131] and in the answer [#68] which was operative when the motion for sanctions was filed, the defendants assert three affirmative defenses which are, in part, the basis for the motion for sanctions [#107].  Those affirmative defenses are assumption of risk, comparative negligence, and failure to mitigate damages.  When the motion for sanctions [#107] was filed on January 20, 2023, the discovery deadline was April 17, 2023.  Discovery was not complete.  In the context of the negligence claim of Mr. Crowell concerning a vehicle collision, assertion of the affirmative defenses of assumption of risk, comparative negligence, and failure to mitigate damages is warranted by existing law, at least pending completion of discovery.

Faced with the motion for summary judgment [#106] challenging the three affirmative defenses, the defendants failed to cite evidence sufficient to support these affirmative defenses.  In their response [#113] to the motion for summary judgment, the defendants cite some evidence and make some arguments in support of the three affirmative defenses.  The arguments of the defendants are quite thin, but they are not so thin that they unreasonable and vexatious.  The big flaw in the response [#113] of the defendants is the failure of the defendants to marshal evidence in support of their

factual contentions and legal arguments.  This is a significant failure by the defendants.  However, this failure, the failure to successfully defend against a motion for summary judgment, does not show that the assertion of the three affirmative defenses was frivolous or unreasonably vexatious.

### IV.  CONCLUSION & ORDER

The contentions raised by Mr. Crowell in his **Motion for Sanctions Pursuant To F.R.C.P. 11** [#107] do not merit sanctions under Rule 11.

**THEREFORE, IT IS ORDERED** that the **Motion for Sanctions Pursuant To F.R.C.P. 11** [#107] is denied.

Dated September 12, 2023, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge