IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 22-cv-00416-REB-MDB

JAMES "GREG" CROWELL,

    Plaintiff,

DAVID BENNEFIELD, SR.,
DAVID BENNEFIELD, JR.,and
JORGE RIVERON,

    Plaintiff - Intervenors,

v.

JOSHUA ALFORD, and
V TRANSPORTATION, LLC,

    Defendants.

## ORDER CONCERNING MOTION SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on **Plaintiff Crowell's Motion for Summary Judgment on Seven Affirmative Defenses** [#106][1] filed January 20, 2023.  The defendants filed a response [#113], and the plaintiff filed a reply [#115].  I grant the motion in part and deny it in part.

### I.  JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1332 (diversity).

### II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute as to any material

---

[1] "[#106]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

fact and the movant is entitled to judgment as a matter of law.  **FED. R. CIV. P.** 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine dispute of material fact.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 514 U.S. 1004 (1995).  By contrast, a movant who will bear the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense.  *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).  In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  *Concrete Works*, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815.

When the party seeking summary judgment does not have the ultimate burden of persuasion at trial, it has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law.  *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008).  "'The moving party may carry its initial burden either by producing affirmative evidence negating an

essential element of the non-moving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial.'" *Id*. (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir.2002)).

### III.  BACKGROUND

On October 27, 2021, the four plaintiffs were riding in a car driven by plaintiff, David Bennefield, Jr.   The car collided with a semi-tractor without a trailer, which was driven by defendant, Joshua Alford.  Plaintiff, James "Greg" Crowell, was in the front passenger seat of the car driven by Mr. Bennefield, Jr.  Mr. Crowell was injured in the collision.  The rear seat passengers were David Bennefield, Sr., and Jorge Riveron.

In his **Second Amended Complaint** [#127], Mr. Crowell asserts a claim of negligence against Mr. Alford, the driver of the semi-truck, and V Transportation, LLC. According to the complaint, at the time of the accident, Mr. Alford was driving the semi-tractor in the course of his employment with V Transportation.  Mr. Crowell seeks to recover damages allegedly caused by the alleged negligence of Mr. Alford and V Transportation.

In his motion [#106], Mr. Crowell challenges seven affirmative defenses purportedly asserted by the defendants:

   1. Good faith upon advice of counsel;

   2. Lack of privity;

   3.  No contract;

   4. Unclean hands;

   5.  Assumption of risk;

   6.  Comparative negligence of plaintiff; and

   7.  Failure to mitigate.

3

*Motion* [#106], pp. 3 - 6.  In the **Amended Answer to Plaintiff's Amended Complaint and Jury Demand** [#68], which was operative when the motion [#106] was filed, the defendants do not assert the affirmative defenses enumerated as numbers 1 through 4, above.  The same is true of the current operative answer, the **Answer to Plaintiff's Second Amended Complaint and Jury Demand** [#131]. To the extent the motion for summary judgment [#106] addresses the affirmative defenses of good faith upon advice of counsel, lack of privity, no contract, and unclean hands, I deny the motion as moot because the defendants do not assert these affirmative defenses in their answer [#131].

In the operative answer [#131], the defendants assert three of the affirmative defenses addressed in the motion [#106], assumption of risk, comparative negligence, and failure to mitigate damages.  As to these affirmative defenses, the defendants bear the burden of proof at trial.  Mr. Crowell contends the defendants have not come forward with evidence to support any of these three affirmative defenses.  Thus, Mr. Crowell contends he is entitled to summary judgment on these three affirmative defenses.

### IV.  ANALYSIS

#### A.  Assumption of Risk

Under Colorado law, "a person assumes the risk of injury or damage if he voluntarily or unreasonably exposes himself to injury or damage with knowledge or appreciation of the danger and risk involved."  §13-21-111.7, C.R.S.  Mr. Crowell contends there is no evidence that he voluntarily or unreasonably exposed himself to injury with knowledge or appreciation of the danger and risk.  Rather, he simply was a front seat passenger in Mr. Bennefield, Jr.'s car when the car collided with the semi-

truck.

In their response [#113], the defendants claim Mr. Bennefield, Jr., was speeding at the time of the accident "in order to get himself and his passengers, including Plaintiff Crowell, back to their job site on time." *Response* [#113], p. 3. The defendants cite as evidence one page of a sheriff's office report concerning the collision. *Response* [#113], Exhibit A [#113-1]. The sheriff's office report says Mr. Bennefield, Jr. "was traveling eastbound trying to get back to their job site in time . . . ." That statement alone does not demonstrate that Mr. Bennefield, Jr. was speeding. The defendants cite no other evidence of speeding. Even if there was evidence that Mr. Bennefield, Jr. was speeding, the defendants cite no evidence which would support the contention that Mr. Crowell somehow was responsible for the purported speeding of Mr. Bennefield, Jr.

According to the defendants, there is evidence that Mr. Crowell voluntarily or unreasonably exposed himself to injury. The defendants contend a "jury could determine that Plaintiff Crowell's decision to be driven by Plaintiff Bennefield, Jr. and to agree to, and perhaps be involved in the decision, to take enough time at lunch that there was concern about getting back to the job site on time is evidence of both his assumption of a known risk and comparative negligence in his participation in decisions made by the driver." *Response* [#113], p. 3. The fact that Mr. Bennefield, Jr. said he "was trying to get back to their job site on time," by itself, is not sufficient to show that Mr. Bennefield, Jr. was acting unreasonably because he was in a rush. The defendants cite no evidence that Mr. Crowell had any knowledge about Mr. Bennefield which arguably would make it negligent for Mr. Crowell to ride in a car driven by Mr. Bennefield, Jr. on the day of the accident.

The evidence cited by the defendants, one page of the sheriff's report, does not

5

show that there is a genuine dispute as to any material fact concerning the affirmative defense of assumption of risk.[2]  The factual assertions of counsel in the response [#113], without any supporting evidence, do not satisfy the burden of the defendants to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1518 (10th Cir. 1994), **cert. denied**, 514 U.S. 1004 (1995). In response to Mr. Crowell's contention that there is no evidence to support this affirmative defense, the defendants fail to cite evidence sufficient to support this affirmative defense.  Thus, Mr. Crowell is entitled to summary judgment in his favor on the affirmative defense of assumption of risk.

## B.  Comparative Negligence

In their comparative negligence affirmative defense, the defendants allege that the comparative negligence of the plaintiff was equal to or greater than the alleged negligence of the defendants.  *Answer* [#131], p. 4, ¶ 4.  They allege the recovery sought must be eliminated or proportionately reduced in accord with the comparative negligence statue, §13-21-111, C.R.S.  Of course, this affirmative defense cannot be established without some evidence that the negligence of Mr. Crowell was a cause of the collision and his injuries.

In an interrogatory Mr. Crowell asked Mr. Alford to provide the general factual basis for his affirmative defense of comparative negligence.  Mr. Alford responded:

> The general factual basis for this defense stems from the understanding that: 1) the driver of the vehicle, which Plaintiff was a passenger in, was

---

[2] Without citing evidence of any kind, the defendants claim Mr. Crowell, Mr. Bennefield, Sr., and Mr. Bennefield, Jr., each admitted to using marijuana the night before the accident.  *Response* [#113], p. 3.  Absent citation to relevant, admissible evidence to support these factual contentions, these factual contentions may not be considered as evidence which supports this affirmative defense.

>speeding at the time of the accident. Had he not been speeding, he would have been able to stop his vehicle prior to colliding with the truck being driven by Defendant Alford; 2) the driver of the vehicle in which Plaintiff was a passenger, steered into a two-way left turn only lane at the time of the impact, a lane he should not have been travelling in, unless in order to make a left-hand turn. The fact that he steered into the left turn only lane is an indication of unsafe driving by the driver of the vehicle which Plaintiff was a passenger in, and may have contributed to (sic).

*Motion* [#106], Exhibit C [#106-3] (Alford discovery response), p. 3.  This interrogatory response does nothing to support an affirmative defense of comparative negligence directed at Mr. Crowell.  All of the purported negligence described in this response is attributable to Mr. Bennefield, Jr., not Mr. Crowell.

In their response [#113], the defendants address concurrently the affirmative defenses of comparative fault and assumption of risk.  They rely on the same factual contentions to support both affirmative defenses.  Thus, addressing comparative negligence, the defendants again claim there is evidence that Mr. Crowell voluntarily or unreasonably exposed himself to injury.  The defendants contend a "jury could determine that Plaintiff Crowell's decision to be driven by Plaintiff Bennefield, Jr. and to agree to, and perhaps be involved in the decision, to take enough time at lunch that there was concern about getting back to the job site on time is evidence of both his assumption of a known risk and comparative negligence in his participation in decisions made by the driver." *Response* [#113], p. 3.  The fact that Mr. Bennefield, Jr., said he "was trying to get back to their job site on time," by itself, is not sufficient to show that Mr. Bennefield, Jr., was acting unreasonably because he was in a rush.  The defendants cite no evidence that Mr. Crowell had any knowledge about Mr. Bennefield which arguably would make it negligent for Mr. Crowell to ride in a car driven by Mr. Bennefield, Jr. on the day of the accident.

The evidence cited by the defendants, one page of the sheriff's report, does not show that there is a genuine dispute as to any material fact concerning the affirmative defense of comparative negligence.  The response of the Mr. Alford to an interrogatory concerning this affirmative defense provides no evidence to support this affirmative defense as directed at Mr. Crowell.  The factual assertions of counsel in the response [#113], without any supporting evidence, do not satisfy the burden of the defendants to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1518 (10th Cir. 1994), **cert. denied**, 514 U.S. 1004 (1995).  In response to Mr. Crowell's contention that there is no evidence to support this affirmative defense, the defendants fail to cite evidence sufficient to support this affirmative defense. Thus, Mr. Crowell is entitled to summary judgment in his favor on the affirmative defense of comparative negligence.

### C.  Failure To Mitigate Damages

The plaintiff presented for an MRI of his cervical spine due to neck pain and low back pain on December 1, 2021, at Jacksonville Diagnostic Imaging. The radiologist found he suffered from C6-C7 right and left foraminal disc herniations resulting in moderate bilateral foraminal stenosis abutting the exiting bilateral C7 nerve roots. These factual contentions are supported by Exhibit B [#113-2] to the defendants' response [#113], which is a record of a December 3, 2021, MRI examination of Mr. Crowell.

According to the defendants, in discovery, Mr. Crowell identified Dr. Steven Pehler as a treating physician who recommended disc replacement surgeries in his lumbar and cervical spine. The defendants also claim Mr. Crowell said in discovery that

he has appointments with Dr. John Stevenson to discuss disc replacement surgeries in his lumar and cervical spine. The defendants cite numbered discovery responses of Mr. Crowell, but the defendants failed to provide the court with the actual discovery responses as evidence in support of these factual contentions.

According to the defendants, "(b)ecause Plaintiff first sought treatment for lumbar and cervical pain in December of 2021, but has not pursued additional treatment for the alleged severe pain for which he must have surgery, about a year and half later, is evidence of Plaintiff's failure to mitigate his damages." *Response* [#113], p. 4. The defendants argue Mr. Crowell's "failure to mitigate his damages, by seeking treatment for his lumbar and cervical pain[,] should be a consideration by the jury in determining the extent, causation, and severity of his alleged injuries." *Id*.

The defendants provide evidence of a diagnosis of disc herniations. The defendants provide no evidence to show the nature of treatments recommended to Mr. Crowell for these conditions, nor do the defendants provide any evidence to show whether or not Mr. Crowell chose to pursue recommended treatments.

The evidence cited by the defendants, the December 3, 2021, MRI report, does not show that there is a genuine dispute as to any material fact concerning the affirmative defense of failure to mitigate damages. The factual assertions of counsel in the response [#113], without any supporting evidence, do not satisfy the burden of the defendants to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1518 (10th Cir. 1994), **cert. denied**, 514 U.S. 1004 (1995). In response to Mr. Crowell's contention that there is no evidence to support this affirmative defense, the defendants fail to cite evidence sufficient to  support this affirmative

defense. Thus, Mr. Crowell is entitled to summary judgment in his favor on the affirmative defense of failure to mitigate damages.

## V.  CONCLUSION & ORDER

The defendant no longer asserts the affirmative defenses of good faith upon advice of counsel, lack of privity, no contract, and unclean hands. Therefore, I deny the motion for summary judgment as moot concerning these affirmative defenses.

Having reviewed the motion [#106] of Mr. Crowell, the response [#113], and the reply [#115], having considered the apposite arguments, authorities, and evidence presented by Mr. Crowell and the defendants, and having considered the record as a whole, I find that the defendants have not shown that there is a genuine dispute as to any material fact concerning the affirmative defenses of assumption of risk, comparative negligence, or failure to mitigate damages. Thus, Mr. Crowell is entitled to summary judgment on these three affirmative defenses.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff Crowell's Motion for Summary Judgment on Seven Affirmative Defenses** [#106] is denied as moot concerning the affirmative defenses of good faith upon advice of counsel, lack of privity, no contract, and unclean hands; and

2. That **Plaintiff Crowell's Motion for Summary Judgment on Seven Affirmative Defenses** [#106] is granted as to the the affirmative defenses of assumption of risk, comparative negligence, or failure to mitigate damages.

Dated September 12, 2023, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge